IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

HENRY JAMES LAVFAVORS, ,

    Plaintiff,

v.                                                       CASE NO. 4:09-cv-500-SPM-GRJ

DUANE SPEARS, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff initiated this case by filing a civil rights complaint pursuant to 42 U.S.C § 1983, and has been granted leave to proceed as a pauper. Plaintiff was an inmate in the custody of the Florida Department of Corrections at the time the complaint was filed, and has since been released. *See* Doc. 34. Plaintiff is proceeding pursuant to a third amended complaint, Doc. 11. Now pending before the Court is Doc. 30, Defendants' motion to dismiss this case as a sanction for failing to fully disclose Plaintiff's case filing history in the third amended complaint. Plaintiff has opposed the motion, Doc. 31. For the following reasons, the undersigned recommends that the motion to dismiss be granted, and that this case be dismissed without prejudice for abuse of the judicial process.

    Plaintiff executed the civil rights complaint form under penalty of perjury. Doc. 11. Plaintiff alleges that officials at Taylor Correctional Institution violated his right of access to court and retaliated against him for pursuing court cases. *Id*. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits and warns that "failure to disclose all prior civil cases may

result in the dismissal of this case. If you are unsure of any prior cases you have filed, that fact must be disclosed as well." *Id*. at 3. Section IV. C. requires prisoners to disclose whether they have initiated actions in either state or federal court relating to the fact or manner of incarceration or the conditions of confinement. Plaintiff identified one case: *LaFavors v. Lourdes*, Case No. 4:08-cv-371-RH/WCS, and noted that the case was pending. Section IV. D. requires prisoners to disclose whether they have had any actions in federal court that were dismissed as frivolous, malicious, for failure to state a claim, or prior to service. Plaintiff identified one case, "*LaFavors v. Jenne*, Cas. No. -5-60905-civ-Cook", that was dismissed for "unknown" reasons. *Id*.

Defendants contend that this case should be dismissed without prejudice because Plaintiff failed to exercise candor and honesty in completing the civil rights complaint form. As support for the motion, Defendants have provided the Court with an exhibit listing at least thirteen additional federal cases filed by Plaintiff that plainly fall within the class of cases described on the Complaint form. *See* Doc. 30-1, Exhibit A. Further, the case listed by Plaintiff as having been dismissed for "unknown" reasons was actually dismissed as patently frivolous. *See LaFavors v. Jenne*, Case No. 0:05-cv-60905 (S.D. Fla. 11/30/05).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th

Cir. Feb. 10, 2011).[1]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In opposition to the motion to dismiss, Plaintiff contends, *inter alia*, that prison officials impeded him in his ability to keep accurate records of his prior cases and interfered with his ability to make phone calls to obtain "certain information and case numbers," and that dismissal is too harsh a sanction for a case filed "in good faith." Doc. 31.

Upon due consideration of the motion to dismiss and Plaintiff's response, the Court is not persuaded that Plaintiff's lack of candor should be excused. It is clear from his filings in this case and in his prior cases that Plaintiff is an experienced prison litigator and is able to read and comprehend the requirements of the Court's Complaint form. The Complaint form plainly advised Plaintiff that any uncertainty regarding his prior cases should be disclosed to the Court. Plaintiff did not indicate that he was unable to fully complete the form. The undersigned therefore concludes that Plaintiff has abused the judicial process, and that dismissal is an appropriate sanction for such abuse.

Accordingly, it is respectfully **RECOMMENDED** that Defendants' motion to

dismiss, Doc. 30, be **GRANTED** and that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C § 1915A.

.       **IN CHAMBERS**  this 5th day of August 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**